United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Seminole Masonry, LLC, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-60368-Civ-Scola |
| | ) |
| James H. Hodges and others, | ) |
| Defendants. | ) |

**Order on Motion to Dismiss**

This matter is before the Court upon the Defendants' motion to dismiss (ECF No. 25). The Plaintiff Seminole Masonry filed a response (ECF No. 29), and the Defendants filed a reply (ECF No. 32). The Court has reviewed the motion, all supporting and opposing materials, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Court **denies** the motion to dismiss (**ECF No. 25**).

1. **Background**

This case arises in the context of the sale of a business. Seminole Masonry, the buyer, and the Defendants, who include the seller, owners, and key persons related to the business, entered an Asset Purchase Agreement ("APA") with respect to the sale of certain assets of a masonry business located in Sanford, Florida. In connection with the sale, the Defendants made certain representations and warranties regarding various aspects of the masonry business, and the APA contains a mutual indemnification provision requiring payment by one party to the other in the event that losses occur as a result of the breach or failure of any covenant or agreement made in the APA.

In this case, the Plaintiff alleges numerous losses arising from the Defendants' breaches of warranties made in the APA, and pursuant to which the Plaintiff made a demand for indemnification with which the Defendants did not comply. In addition, the Plaintiff alleges that the Defendants concealed material information in connection with the sale. As a result, the Plaintiff asserts numerous claims for breach of the APA (Counts 1-12) and a claim for fraud in the inducement (Count 13). The Defendants seek dismissal of all claims under Rule 12(b)(6), or a more definite statement under Rule 12(e).

2. **Legal Standard**

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the

complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-has-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### 3. Analysis

The Defendants' arguments for dismissal lack merit, principally because they constitute denials of the factual allegations in the complaint or involve questions of fact not suitable for disposition upon a motion to dismiss.

Moreover, the Defendants fail to cite legal authority in support of their arguments.[1] "On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (Cohn, J.) (quoting *Mendez-Arriola v. White Wilson Med. Ctr. PA*, No. 09-495, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)). "The movant must support its arguments for dismissal with citations to legal authority." *Id.* (citing S.D. Fla. L.R. 7.1(a)(1)). "Where a defendant seeking dismissal of a complaint under Rule 12(b)(6) does not provide legal authority in support of its arguments, it has failed to satisfy its burden of establishing its entitlement to dismissal." *Id.* (citing *Super. Energy Servs., LLC v. Boconco, Inc.*, No. 09-0321, 2010 WL 1267173, at *5-6 (S.D. Ala. Mar. 26, 2010) and *United States v. Vernon*, 108 F.R.D. 741, 742 (S.D. Fla. 1986) (Scott, J.)). Accordingly, the Defendants' motion is due to be denied.

In addition, the Defendants are not entitled to a more definite statement, as it is evident that the basis for the request is that they would like more information than what the complaint's allegations provide. However, "[a] motion for a more definite statement is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Euro*

---

[1] In fact, the only argument supported by citation to legal authority is the argument that the claim for fraud in the inducement should be dismissed based upon the economic loss doctrine, in support of which the Defendants cite *Tiara Condominium Assocation v. March & McLennan Companies*, 714 F.3d 1253, 1257 (11th Cir. 2013). However, the Defendants appear to have abandoned this argument in their reply, and in any event the argument fails, because as the Eleventh Circuit recognized in *Tiara*, the Florida Supreme Court has limited the application of the economic loss rule to products liability cases. *See Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos.*, 110 So. 3d 399, 407) (Fla. 2013).

*RSCG Direct Resp., LLC v. Green Bullion Fin. Servs.*, 872 F. Supp. 2d 1353, 1358 (S.D. Fla. 2012) (Cohn, J.). The Defendants may seek further information regarding the Plaintiff's claims in discovery.

### 4. Conclusion

Accordingly, the Defendants' motion to dismiss (**ECF No. 25**) is **denied**.

**Done and ordered** at Miami, Florida on July 19, 2018.

_____
Robert N. Scola, Jr.
United States District Judge